UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SHOPMEN PENSION FUND,<br>1750 New York Avenue, NW<br>Washington, DC 20006 | ) ) ) ) ) | |
| and | ) ) | |
| JOHN KERR,<br>Ohio Valley Steel Company<br>1721 Wetzel Street<br>Post Office Box 911<br>Wheeling, WV 26003 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| ANTHONY WALENCIK,<br>International Association of Iron Workers<br>1750 New York Avenue, N.W. Suite 400<br>Washington, D.C. 20006-5301 | ) ) ) ) ) | |
| and | ) ) | Civil Action No. |
| JAMES R. KING,<br>3708 46th Avenue, South<br>Minneapolis, MN 55406 | ) ) ) ) | |
| and | ) ) | |
| TIMOTHY F. O'CONNELL,<br>The Bilco Company<br>Post Office Box 1203<br>New Haven, CT 06505 | ) ) ) ) ) | |
| and | ) ) | |
| RONALD T. BRUCE,<br>Builders Steel Company<br>Box #12538<br>Kansas City, MO 64116 | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |

```
                                            )
              v.                            )
                                            )
MARC F. STEIN,                              )
d/b/a M F STEIN CORPORATION,                )
a/k/a M F STEIN CORP                        )
2560 East Tioga Street                      )
Philadelphia, PA  19134                     )
                                            )
                       Defendant.           )
                                            )
Serve: Marc F. Stein,                       )
       M F Stein Corporation                )
       2560 East Tioga Street               )
       Philadelphia, PA  19134              )
                                            )
```

# COMPLAINT
## (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT)

Plaintiffs, by counsel, hereby complain of Defendant as follows:

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act (29 U.S.C. §185), and Sections 502 and 515 of the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §1132 and §1145) and 28 U.S.C. §1331.

2. Plaintiff National Shopmen Pension Fund (hereinafter the "Fund") is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. §186(c)). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Plaintiffs Kerr, Walencik, King, O'Connell, and Bruce, are Trustees of the Fund. The Fund is administered in the District of

Columbia.

3.      Marc F. Stein, d/b/a MF Stein Corporation, a/k/a MF Stein Corp, ("Defendant" or "MF Stein") is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), with a business address as listed above in the caption. Defendant is principally engaged in the fabrication of iron, steel, metal, and other products, and the business of Defendants affects commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

4.      At all times material to this Complaint, Defendant and Shopmen's Local Union No.502, ("Local 502") of the International Association of Bridge, Structural and Ornamental Iron Workers (affiliated with AFL-CIO), hereinafter referred to as the "Union," were parties to and bound by a collective bargaining agreement. Section 14AA of the collective bargaining agreement states:

> NATIONAL SHOPMEN PENSION FUND
>
> (A)    The "Company" and the "Union" signatory to this Collective Bargaining Agreement individually and collectively agree that each will remain a party to the NATIONAL SHOPMEN PENSION FUND (hereinafter referred to as the "Pension Fund") and each agrees to remain a party to the "Agreement and Declaration of Trust" dated the 20th day of March, 1969, under which said "Pension Fund" was established; and each further agrees to remain a party to the said "Pension Fund" for the duration of this Collective Bargaining Agreement, including any renewals or extensions thereof. Said NATIONAL SHOPMEN PENSION FUND and said "Agreement and Declaration of Trust" shall be considered as being a part of this Collective Bargaining Agreement as though set forth herein at length.
>
> . . .
>
> (D)    Commencing on the 1st day of August, 2005, and for the duration of this Collective Bargaining Agreement, including any renewals or extensions thereof, the "Company" agrees that for each hour of pay paid to each employee, to whom this Agreement is applicable, for any reason provided for in this Collective Bargaining Agreement, it will pay to said NATIONAL SHOPMEN PENSION FUND the sum of ten cents ($0.10) per hour.
>
> . . .

  (E) Payments by the "Company" to said "Pension Fund", as provided for in the preceding Subsection, shall be transmitted by the "Company" to the Trustees of said "Pension Fund" not later than the 15th day of each month for the preceding month.  Failure of the "Company" to make such monthly payments by the above-stated date shall constitute a breach of this Agreement and notwithstanding any other provision contained in this Agreement, the "Union" shall have the right to remove its members from the plant or plants of the "Company" covered by this agreement until such time as the "Company" does transmit such payments to said Trustees; and for each regular work hour an employee does not work as a result thereof, such employee shall be paid his or her regular straight-time hourly rate.

5. ERISA Section 502(g)(2) provides as follows:

  (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -

  (A) the unpaid contributions,

  (B) interest on the unpaid contributions,

  (C) an amount equal to the greater of:

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),

  (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

6. Defendant agreed to be bound by the Agreement and Declaration of Trust (the "Trust Agreement") under which the Fund is maintained and the rules and regulations adopted by the Trustees thereunder. Article IX Section 5 of the Trust Agreement provides for interest on delinquent contributions at the rate charged at that time by the Pension Benefits Guarantee Corporation for late premium payments, and for liquidated damages in the amount equal to the greater of the interest accrued on delinquent contributions or 20% of the delinquency. Article IX, Section 3 of the Trust Agreement provides that "A participating employer shall be considered to be delinquent in the payment of contributions if he (a) fails to submit a contribution reporting form, and the contributions detailed therein, by the close of business on the due date." In order to enable the Fund to give pension credit to employees, the Trustees have adopted the policy of requiring employers to submit remittance reports on a monthly basis showing hours of service for eligible employees during the prior month. Defendant was expressly notified of this policy when it became a party to the Fund.

7. During the period relevant to this Complaint, Defendant has employed employees who are covered by the collective bargaining agreement between it and the Union but has failed and refused to make the total required monthly pension contributions for such employees to Plaintiff Fund or to submit as required complete and accurate monthly remittance reports to Plaintiff Fund. Defendant has failed to timely submit complete contributions to the Fund for the period specifically including, but not necessarily limited to, October 2005 through June 2006. The exact amount of delinquent monthly contributions past due for the aforementioned period and currently owed by Defendant to the Fund cannot be determined as Defendant has also failed to timely submit the required remittance report for each of those months.

8. Defendant is liable for the full amount of delinquent monthly contributions as set out in paragraph 7 above, interest on each delinquent monthly contribution amount at the rate charged

at that time by the Pension Benefits Guarantee Corporation for late premium payments, liquidated damages for each delinquent monthly contribution in an amount equal to the greater of interest accrued on that monthly contribution or 20% of the contribution, as well as all expenses of collection or suit incurred by the Trustees, including reasonable attorneys' fees.

WHEREFORE, Plaintiffs pray for the following relief:

(a)    A judgment in the full amount of contributions owed Plaintiffs for the months of October 2005 through June 2006, and through the date of judgment herein;

(b)    Interest on the amount of all delinquent contributions due during the period October 2005 through June 2006, and through the date of judgment herein, accrued from the date upon which each monthly contribution was due until the date of judgment herein at the rate charged by the Pension Benefits Guarantee Corporation for late premium payments at the time a given monthly contribution became delinquent;

(c)    Liquidated damages for all delinquent contributions due during the period October 2005 through June 2006, and through the date of judgment herein, in an amount equal to the greater of interest accrued on a given delinquent monthly contribution or 20% of the contribution;

(d)    An award of attorneys' fees and costs of collection, including any audit costs, incurred in connection with the collection of the delinquent contributions;

(e)    An order enjoining Defendant from thereafter failing to timely furnish Plaintiffs with remittance reports;

(f)    An order permanently enjoining Defendant from incurring any further delinquency to Plaintiff Fund under the terms of the Agreement and Declaration of Trust of the Fund and the collective bargaining agreement between Defendant and Shopmen's Local 502;

(g)    Such other and further relief as the Court deems just and equitable.

                                                                 Respectfully submitted,

Dated:  July 24, 2006                   /s/ Marc H. Rifkind
                                          Marc H. Rifkind, Esq. (D.C. Bar No. 416183)
                                          SLEVIN & HART, P.C.
                                          1625 Massachusetts Avenue, NW, Suite 450
                                          Washington, DC   20036
                                          202-797-8700  (Telephone)
                                          202-234-8231  (Facsimile)

                                          Counsel for Plaintiffs

H:\Clients\0150\198\Withdrawal Request and New Suit\Complaint (draft).wpd